Matter of Rosen (2018 NY Slip Op 06424)





Matter of Rosen


2018 NY Slip Op 06424


Decided on September 28, 2018


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ. (Filed Sept. 28, 2018.)


&em;

[*1]MATTER OF BRADLEY C. ROSEN, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by the Second Department on May 10, 1989, and his office address on file with the Office of Court Administration is located in Rochester. In an opinion and order dated January 11, 2018, the Committee on Grievances of the United States District Court for the Southern District of New York (District Court) censured respondent upon a finding that he had appeared in two separate matters before District Court without having been admitted to practice law before that court. District Court further found that respondent had filed false affirmations concerning the status of his admission. Although District Court noted in mitigation that respondent had an otherwise unblemished disciplinary record after 27 years in the practice of law, the court found in aggravation of the misconduct that respondent had engaged in a "deliberate pattern of misconduct" and had intentionally disregarded District Court's rules governing admission to practice before that court.
Upon receipt of a certified copy of the opinion and order of District Court, this Court, by order entered June 19, 2018, directed respondent to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1240.13. Although respondent was personally served with the show cause order on June 26, 2018, he neither filed papers in response thereto nor appeared before this Court on the return date thereof.
Pursuant to 22 NYCRR 1240.13, this Court may discipline an attorney for misconduct underlying discipline imposed in another jurisdiction, unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust" (22 NYCRR 1240.13 [c]).
Respondent failed to respond to the show cause order of this Court and, thus, he has failed to raise any factor that would preclude the imposition of reciprocal discipline. In any event, our review of the record indicates that none of the factors set forth in section 1240.13 (c) precludes the imposition of reciprocal discipline in this case. In determining an appropriate sanction, we have considered the nature of the misconduct, as well as the aggravating and mitigating factors found by District Court. Accordingly, we conclude that respondent should be censured.